Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000809
28-SEP-2017
08:22 AM

NO. CAAP-16-0000809

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMEEL RICHARD DOWLING, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NOS. 15-1-2075, 15-1-2087 and 16-1-1608)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, and Ginoza and Chan, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Jameel Richard Dowling (Dowling) with violating an order for protection, in violation of Hawaii Revised Statutes (HRS) § 586-11(a) (Supp. 2016).[1]  At the time of the charged offense, Dowling was on probation in two prior cases for violating the same order for protection.  The order for protection had been issued to protect Dowling's wife (Wife) and their three children (collectively, the Children).

A jury found Dowling guilty as charged.  Dowling subsequently stipulated to, and waived his right to a hearing on, the State's motion to revoke his probation in the two prior cases, which motion was based on the jury's guilty verdict in the most recent prosecution.  The Family Court of the First Circuit

_____

[1] HRS § 586-11(a) provides in relevant part: "Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor."

(Family Court)[2] sentenced Dowling to one year of imprisonment for his conviction in the pending case (FC-CR No. 16-1-1608) and for each of his probation revocations in the two prior cases (FC-CR No. 15-1-2075 and FC-CR No. 15-1-2087), all terms to be served concurrently. The Family Court filed its Judgment in FC-CR No. 16-1-1608 and its orders of revocation of probation and resentencing in FC-CR No. 15-1-2075 and FC-CR No. 15-1-2087 on October 21, 2016.

On appeal, Dowling contends that there was insufficient evidence to support his conviction in FC-CR No. 16-1-1608. He further contends that because there was insufficient evidence to support his conviction in FC-CR No. 16-1-1608, the revocation of his probations in FC-CR No. 15-1-2075 and FC-CR No. 15-1-2087, which was based on his conviction in FC-CR No. 16-1-1608, must be overturned. As explained below, we conclude that there was sufficient evidence to support Dowling's conviction in FC-CR No. 16-1-1608. We therefore affirm the Family Court's Judgment and its orders of revocation of probation and resentencing.

I.

When viewed in the light most favorable to the prosecution, State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998), the trial evidence showed as follows.

Wife and Dowling were married in about 2010 and separated in about 2014. On October 14, 2015, the Family Court issued an order for protection in favor of Wife and against Dowling. The order for protection provided in relevant part that "[Dowling] is prohibited from coming or passing within **100 feet** of [Wife] at all other neutral locations unless allowed by this order. If the parties run into each other, [Dowling] must leave immediately." Dowling was present at the hearing at which the Family Court granted Wife's petition for an order for protection, and he was served with the order for protection. The order for

---

[2] The Honorable Faʻauuga L. Toʻotoʻo presided.

2

protection that was issued on October 14, 2015, remained in effect for one year, until October 14, 2016.

On April 22, 2016, at about 10:30 p.m., Wife was visiting her mother (Mother) at Mother's residence along with the Children. Mother lived on the second floor of a two-story house. Wife had parked her silver Chevy TrailBlazer in Mother's driveway. In order to reach the steps that led to Mother's front door, it was necessary to walk past Wife's Chevy TrailBlazer. Dowling was present when Wife purchased the Chevy TrailBlazer in April 2015, and Dowling had previously driven the Chevy TrailBlazer.

Wife testified that on the night in question, she and Mother were in the living room talking, approximately ten feet from the entrance to Mother's residence. Mother had a screen door and a "regular" door at the entrance to her residence. The "regular" door was open and the screen door was closed. According to Wife, while she was talking to Mother, she heard a soft knocking "off and on for like three minutes." Wife was not able to discern the source of the soft knocking and thought it was coming from cartoons that were playing on the television. After hearing the three minutes of soft knocking, Wife heard her husband's voice say, "Can I talk to you?" Wife's "heart sank to [her] stomach," the Children "freaked out," and Wife gathered the Children and left the room. She also called the police.

Mother testified that she and Wife were sitting in the living room watching television. Mother was sitting on the couch, which was about three to four feet from the door. Mother started to hear a sound she described as "some light knocking." She heard this sound off and on for "a good five minutes or more." Mother thought the sound might be coming from her grandson or the cat outside. After hearing the intermittent light knocking, Mother heard Dowling's voice saying, "Can we talk?" Mother got off the couch and went over to the door and told Dowling that he needed to leave. Mother could see Dowling through the screen door. Mother had to ask Dowling to leave

twice. After the second time, Dowling walked away from Mother's house. Mother testified that someone standing outside her house and looking through the screen door would be able to clearly see the couch where Mother, Wife, and the Children were sitting.

## II.

The jury found Dowling guilty as charged. After the jury returned its guilty verdict, Dowling stipulated to, and waived his right to a hearing on, the State's motion to revoke the probations imposed in his prior separate convictions for violating the same order for protection. The State's revocation motion was based on the jury's guilty verdict in FC-CR No. 16-1-1608. The Family Court held a consolidated sentencing hearing to sentence Dowling on the jury's guilty verdict and the revocation of his two probationary terms. At the sentencing hearing, Wife stated that she and the Children were terrified of Dowling; that Dowling continued to use drugs; that Dowling had repeatedly violated orders for protection she obtained against him; that Dowling had made threats; that she was concerned about her safety and the safety of the Children; and that nobody wanted to help her because they were scared of Dowling. The Family Court sentenced Dowling to imprisonment for one year in each of the consolidated cases, all terms to run concurrently.

## III.

We resolve the issues Dowling raises on appeal as follows.

1. Dowling contends that there was insufficient evidence to support his conviction in FC-CR No. 16-1-1608. We disagree. When viewed in the light most favorable to the State, the evidence showed that Dowling knew that Wife was at Mother's house when he knocked intermittently for several minutes and then called out, "Can I talk to you?" We conclude that there was sufficient evidence to establish that Dowling knowingly or intentionally violated the order for protection which prohibited him from coming or passing within 100 feet of Wife at neutral locations.

2.     Our conclusion that there was sufficient evidence to support Dowling's conviction in FC-CR No. 16-1-1608 also disposes of Dowling's claim that the Family Court erred in revoking his probations in FC-CR No. 15-1-2075 and FC-CR No. 15-1-2087.

IV.

For the foregoing reasons, we affirm the Family Court's Judgment in FC-CR No. 16-1-1608 and its orders of revocation of probation and resentencing in FC-CR No. 15-1-2075 and FC-CR No. 15-1-2087.

DATED: Honolulu, Hawaiʻi, September 28, 2017.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant.

Jonathan K.D. Tungpalan
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

5